UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HSBC BANK USA NA, AS TRUSTEE FOR
THE REGISTERED HOLDERS OF NOMURA HOME
EQUITY LOAN, INC. ASSET BACKED CERTIFICATES
SERIES 2007-3, OCWEN LOAN SERVICING LLC,

    Plaintiffs,

v.                                                                                     No. 13cv0321 LH/KBM

JUNE E. SCOTT; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (SOLELY AS
NOMINEE FOR LENDER'S SUCCESSORS AND
ASSIGNS); THE STATE OF NEW MEXICO
DEPARTMENT OF REVENUE AND TAXATION,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on the Court's May 15, 2013 Order sua sponte remanding this foreclosure case to state court because the Court lacks subject-matter jurisdiction over the state foreclosure action, and finding that June Scott's removal of this case was "untimely, malicious, and objectively unreasonable." *See* May 15, 2013 Order at 5 (Doc. 13). The Court stated that, based on the litigation history in this Court and in state court, David Landon

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

> Murphy may be continuing to fuel the improper litigation and delay tactics in this case, even though this Court has previously warned him that he cannot prepare or sign any documents on a party's behalf and may not respond to litigation or appear in court on a party's behalf. *See Khan v. Bank of NY*, No.12-cv-0475 RB/KBM, Doc. 16 (D.N.M. Sept. 4, 2012). The Court will set a date and time for a hearing before a magistrate judge at which Scott shall appear to testify regarding Murphy's and her participation in filing the Notice of Removal so that the Court may determine whether inherent sanctions are appropriate against Scott. At that hearing, Scott may argue why sanctions should not be entered against her for her bad-faith and dilatory conduct in filing the Notice of Removal in this case.

May 15, 2013 Order at 6-7. Accordingly, on June 24, 2013, I set the matter for a hearing to be held on July 29, 2013. *See* June 18, 2013 Notice of Hearing (Doc. 18).

In another Order involving Murphy's improper removal of foreclosure cases that I decided would be heard at the same time, I took

> judicial notice that Mr. Murphy has appeared at hearings in other similar cases and that he has given excuses for his co-plaintiff not to appear. *See Scott v. HSBC Bank*, No. 11cv1084 JP/ACT, Doc. 52 at 4 (Tr. of July 20, 2012 Hearing).

*See U.S. Bank v. Mazulis*, No. 13cv134 MV/KBM, Doc. 24 at 2. Murphy had represented to the Court that Scott was ill and could not appear. I take judicial notice that Murphy and Ms. Scott were previously married. I had the notice of hearing mailed to Scott at two different addresses besides the address she had given to this Court, which is Murphy's commercial mail-receiving address and which does not accept mail for Scott.

The Friday before the Monday hearing, however, Jay Martin Payne[2] personally filed two virtually identical "Verified Notice[s] of Continuance" on behalf of Scott and Murphy, telling the Santa Fe clerk's office employee that Murphy had the flu. The Notices and attached

---

[2] I take judicial notice that Mr. Payne has also engaged in the improper removal of two state foreclosure cases and attorney fees have been awarded against him. *See U.S. Bank v. Payne*, No. 12cv1230 MCA/RHS (Doc. 21) (Order remanding foreclosure proceedings and awarding attorney fees in the amount of $963 to U.S. Bank); *Wells Fargo Bank v. Payne*, No. 12cv703 MCA/LAM, Doc. 33 (Order remanding foreclosure proceedings to state court for lack of subject-matter jurisdiction). Mr. Payne also filed similar notices on behalf of Murphy and Luis Mazulis in *U.S. Bank v. Mazulis*, No. 13cv134 MV/KBM on July 26, 2013.

affidavits appear to have been prepared by the same computer; they contain the same language; and they appear to both be prepared by Murphy on the same computer he used to prepare other filings in this Court, in disregard of this Court's instruction to Murphy that he may not "respond to litigation or appear in Court on [another pro-se party's] behalf because '[a] litigant may bring his own claims to federal court without counsel, but not the claims of others.'" *Khan v. Bank of New York Mellon FNA*, No. 12cv00475 RB/KBM Doc. 16 at 8 (D.N.M. Sept. 4, 2012).  In addition, in the *Mazulis* case, on July 7, 2013, the Court imposed filing restrictions against Murphy, prohibiting him from "assisting other pro-se parties to file or remove cases." *U.S. Bank v. Mazulis*, No. 13cv0134 MV/KBM  July 9, 2013 Order at 2.

The notices of continuance state that Murphy and Scott both were "out of town" when each of them mysteriously independently "contracted a strain of flu that has debilitated numerous people in the last few weeks."  Doc. 22 at 1 (Murphy Notice); Doc. 23 at 1 (Scott Notice).  The affidavits each state:  "I got a debilitating flu and are [sic] to [sic] sick to attend Court," as " bed rest has been prescribed for me."  Doc. 22 at 2; Doc. 23 at 2.  Although Scott's affidavit has a notary  stamp from Mark F. Coble[3] affixed to it, Coble does not swear or affirm that Scott signed the affidavit in his presence.  *See* Doc. 23 at 3.  Scott's affidavit states that she will "be back in Santa Fe, New Mexico on or about August 25, 2013."  Doc. 23 at 3.  Although Murphy signed his affidavit in Santa Fe on July 25, 201, witnessed by a notary, the affidavit inconsistently states that he "will be back in Santa Fe, New Mexico on or about August 15, 2013."  Doc. 22 at 2.  Neither of the affidavits attach a notarized doctor's statement or other proof of a doctor's visit or

---

[3]  I take judicial notice that, in 2012, Mark F. Coble filed a frivolous suit against a mortgage company that foreclosed upon his home in Santa Fe, and that the Court dismissed that case with prejudice.  *See Coble v. Nationstar Mortgage, LLC*, No. 12cv178 LH/WDS, Doc. 28 (D.N.M. Nov. 1, 2012).  Coble made many of the same arguments that Murphy makes in cases in which he has been involved, and it is plausible that Murphy unlawfully prepared Coble's filings.

diagnosis or anything establishing out-of-state or out-of-town travel before the hearing date. Under these circumstances, I recommend that the Court strike Scott's Notice of Continuance and Affidavit because Murphy prepared it and it is not properly notarized, and that the Court conclude, as I do, that the affidavits are fraudulent and perjurious and that Murphy prepared them in violation of the Court's prior orders instructing him to stop preparing and/or filing documents and giving legal advice to others.

Neither Scott nor Murphy attended the show-cause hearing. Coble mailed the notices of continuance to HBSC's counsel, Castle Meinhold Starwiarski, thus inviting their involvement. *See* Doc. 22 at 4; Doc. 23 at 4. Elizabeth Drantell, who represents HSBC Bank in the state foreclosure proceedings, attended and recounted the procedural history of the case and the delay that the remand has caused in the foreclosure proceedings. She testified under oath that her firm normally charges $350/hour to appear at a hearing of this type and that such a fee is reasonable and necessary.

I find that HSBC Bank is statutorily entitled to recover $350 in attorney fees plus gross receipts tax of 7% for having its counsel attend the show-cause hearing, *see* 28 U.S.C. § 1447(c); and that the attorney fees should be imposed against both Scott and Murphy, jointly and severally, because Murphy filed the affidavit and Notice in this case even though Murphy is not a party. I also find that Scott and Murphy wilfully submitted perjurious affidavits and that Scott wilfully violated the Court's order requiring her to attend the show-cause hearing without good cause; that she is in contempt of Court; and that she should be sanctioned in the amount of $1000 for failing to appear and for submitting the perjurious affidavits and that Murphy should be sanctioned in the amount of $500 for submitting the perjurious affidavit.

I recommend that the Court award attorney fees in favor of HSBC Bank in the amount of $358 and that the Court enter an order of contempt of court against Scott and Murphy that imposes $1000 as a sanction against Scott and $500 against Murphy.

**IT IS ALSO ORDERED** that Scott shall not file another document of any kind in this case without signing it in front of an authorized New Mexico notary public who swears under penalty of perjury that Scott herself signed the document.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE